UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND NAMIAS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4947** |
| **LYNN COOPER, WARDEN** | **SECTION "A"** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable law, hereby recommending that the instant application for federal habeas corpus relief be **DENIED WITH PREJUDICE**.[1]

---

[1] The court wishes to acknowledge the assistance of H. Hendrix, a third-year student at Tulane Law School, who assisted in the research and preparation of this decision.

**STATEMENT OF FACTS**

On November 8, 2004, the petitioner, Raymond Namias, Jr., was involved in an automobile accident and charged with Driving Under the Influence, Fifth Offense, hit and run, and failure to install an interlock device as a condition of his probation. Prior to the accident of November 8, 2004, the petitioner plead guilty to Driving Under the Influence, Fourth Offense, in violation of La. R.S. 14:98 and received a suspended sentence of twenty (20) years at hard labor and five (5) years probation on January 26, 2004. A probation revocation hearing was held on March 3, 2005 and the trial court judge ordered the petitioner's probation revoked and imposed the sentence of twenty (20) years at hard labor.[2]

**PROCEDURAL HISTORY**

Petitioner Raymond Namias, Jr. is a state prisoner incarcerated with the Louisiana Department of Public Safety and Corrections at the Avoyelles Correctional Center. On October 28, 2003, the State filed a bill of information charging the petitioner with a violation of R.S. 14:98, Driving While Intoxicated Fourth Offense, in the Twenty-Second Judicial District, Parish of St. Tammany.[3] The petitioner previously pled guilty to operating a motor vehicle while under the influence of alcoholic beverages on July 12, 2001 in the Traffic Court of New Orleans and on May 6, 1999 and January 8, 1998 in the Twenty-Second Judicial District, Parish of St. Tammany.[4] The

---

[2]This statement of facts has been composed after a thorough review of the entire record. *See* State Rec. Vol. 2 of 3, Motion to Reconsider Sentence dated August 24, 2007.

[3]*See* State Rec. Vol. 1 of 3, Bill of Information dated October 28, 2003.

[4]*Id*.

petitioner pled guilty to DWI Fourth Offense on January 26, 2004 and was sentenced on the same day to twenty (20) years at hard labor with the Department of Public Safety and Corrections.[5] At that time the court suspended all but sixty (60) days of the sentence and placed him on probation for a period of five (5) years under the supervision of the Department of Public Safety and Corrections of the State of Louisiana.[6] Under the special conditions of his probation, the petitioner was ordered to pay a fine of $5,000 and costs, submit to an evaluation for substance abuse treatment, receive inpatient treatment, and be placed on home incarceration for the remainder of his probation.[7] Further, the transcript of the court proceedings reflects that the petitioner was instructed to install an interlock device on his vehicle.[8]

On April 20, 2004, the probation and parole office filed a motion and order for a hearing to revoke petitioner's probation for failure to enter inpatient treatment and for failure to register for home incarceration.[9] At the hearing to revoke probation, held on June 3, 2004, petitioner stipulated to the violation of failure to enter inpatient treatment.[10] The court added, as a condition of the

---

[5] *See* State Rec. Vol. 1 of 3, Minute Entry dated January 26, 2004; Conditions of Probation dated April 15, 2004.

[6] *Id.*

[7] *Id.*

[8] *See* State Rec. Vol. 1 of 3, Transcript of Proceedings dated January 26, 2004; Transcript of Proceedings dated March 3, 2005; Minute Entry dated January 26, 2004.

[9] *See* State Rec. Vol. 1 of 3, Motion and Order for Hearing to Revoke Probation dated April 20, 2004.

[10] *See* State Rec. Vol. 1 of 3, Transcript of Proceedings dated June 3, 2004.

3

petitioner's probation, that he serve one year in the parish jail with credit for time served.[11]

On November 18, 2004, the probation and parole office filed a motion and order for a hearing to revoke petitioner's probation because he was arrested for Driving Under the Influence, Fifth Offense, on November 9, 2004, for failure to pay fees, and for failure to remain on home incarceration.[12] Petitioner filed a motion to quash the rule to show cause for the probation revocation hearing on December 28, 2004.[13] On January 5, 2005, the petitioner filed an amended motion to quash the probation revocation hearing.[14]

At the probation revocation hearing, held on March 3, 2005, the court found that the petitioner violated the conditions of his probation and ordered that he serve the twenty (20) year sentence originally suspended by the court.[15] The petitioner filed a notice to appeal the revocation judgment on March 31, 2005.[16] He lodged his appeal with the Louisiana Court of Appeal for the First Circuit on July 12, 2005.[17] On August 8, 2005, the First Circuit Court of Appeal dismissed the petitioner's appeal stating that an order revoking probation is not an appealable judgment and

---

[11]*Id.*

[12]*See* State Rec. Vol. 1 of 3, Motion and Order for Hearing to Revoke Probation dated November 18, 2004.

[13]*See* State Rec. Vol. 1 of 3, Motion to Quash dated December 28, 2004.

[14]*See* State Rec. Vol. 1 of 3, Motion to Quash dated January 5, 2005.

[15]*See* State Rec. Vol. 1 of 3, Transcript of Proceedings dated March 3, 2005.

[16]*See* State Rec. Vol. 1 of 3, Notice of Intent to File Appeal dated March 31, 2005.

[17]*See* State Rec. Vol. 3 of 3, Notice of Lodging dated July 12, 2005; *State v. Raymond Namias, Jr.*, 05-KA-1507.

informing the petitioner to apply for a supervisory writ.[18] On October 20, 2005, the First Circuit Court of Appeal denied the petitioner's application for supervisory writs for failure to comply with the uniform rules of the court.[19] The petitioner again applied for supervisory writs with the First Circuit Court of Appeal on November 23, 2005 and, on February 13, 2006, the court denied the application without opinion.[20] The petitioner sought review of the First Circuit's writ denial with the Louisiana Supreme Court. The high court denied petitioner's writ petition without opinion on October 27, 2006.[21]

The petitioner filed a motion to vacate, to set aside the revocation of probation, and to modify the terms and the conditions of probation with the Twenty-Second Judicial District Court, Parish of St. Tammany on November 22, 2006, which was denied without opinion on November 30, 2006.[22] On August 6, 2007, the petitioner filed a motion to amend/suspend his sentence with the Twenty-Second Judicial District Court, Parish of St. Tammany,[23] which was denied on August 10, 2007[24] because the court lacked jurisdiction to amend the sentence unless the motion was filed

---

[18]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KA-1507.

[19]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-1812.

[20]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-2470.

[21]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 939 So.2D 1276, 2006-0942 (La. 10/27/06).

[22]*See* State Rec. Vol. 2 of 3, Motion to Vacate and Set Aside Revocation of Probation and the Modify the Terms and Conditions of Probation dated November 22, 2006.

[23]*See* State Rec. Vol. 2 of 3, Motion to Amend/Suspend Sentence dated August 6, 2007.

[24]*Id.*

pursuant to the Louisiana Code of Criminal Procedure article 881.1.[25] The petitioner filed a motion to reconsider sentence on August 24, 2007[26] with the Twenty-Second Judicial District Court, Parish of St. Tammany, which was denied without opinion on September 6, 2007.[27] Petitioner then filed

---

[25]La. C. Cr. P. Art 881.1, Motion to Reconsider Sentence, provides in full:
  A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

  (2) In misdemeanor cases, the defendant may file a motion to reconsider sentence at any time following commencement or execution of such sentence. The court may grant the motion and amend the sentence, even following completion of execution of the sentence, to impose a lesser sentence which could lawfully have been imposed.

  B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.

  C. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.

  D. The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion.

  E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

[26]*See* State Rec. Vol. 2 of 3, Motion to Reconsider Sentence dated August 24, 2007.

[27]*Id.*

the instant federal action for habeas corpus relief with this Court on August 28, 2007.[28]

In support of his application, the petitioner argues two claims: (1) the lower court erred in finding the petitioner violated the express conditions of probation as instructed to him and supervised by his probation officer and (2) the lower court abused its discretion by disregarding the medical testimony and mitigating circumstances directly refuting the charges against the petitioner, and by ruling against the weight of the evidence in the court's decision to revoke probation. The State argues that petitioner's federal application is untimely according to the provisions of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[29] The petitioner counters this argument by stating that the provisions of AEDPA are "inapplicable in regard to this matter" and that "the provisions of the AEDPA cannot be applied where [a] determination rests on a Constitutional matter of law."[30]

---

[28]*See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

[29]*See* Fed. Rec. Doc. 12, Memorandum by Lynn Cooper *In Opposition to Petition for Habeas Corpus* dated January 2, 2008.

[30]*See* Fed. Rec. Doc. 13, Objection to Opposition to Application of Habeas Corpus stamp dated February 28, 2008.

## Applicability of the AEDPA

The United States Supreme Court ruled that the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 after the date of Congressional enactment, April 24, 1996.[31] More specifically, this highest court in the United States holds that the AEDPA, §2244, and §§2253-2255 of chapter 153 of title 28 of the United States Code are the provisions that govern all habeas proceedings.[32] The petitioner's federal habeas corpus petition was filed on August 28, 2007 and is, therefore, subject to the rules and regulations of the AEDPA, adopted on April 24, 1996.[33] Thus, the petitioner's claim that his habeas corpus petition escapes review under the AEDPA is rejected. Moreover, the state is correct in its argument that the petitioner's habeas application is time-barred under the AEDPA's one-year statute of limitations.

## Time-Bar

The AEDPA established a one-year statute of limitations for the filing of federal habeas corpus applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application

---

[31] *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L. Ed. 2d 481 (1997).

[32] *See Nobles v. Johnson*, 127 F.3d 409, 414 (5th Cir. 1997), *cert denied*, __U.S.__, 118 S. Ct. 1845, 140 L. Ed. 2d 1094 (1998).

[33] *See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

> for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's federal application, the Court finds that subsections (B) and (C) are clearly inapplicable. The Court next considers the application of subsections (A) and (D). The United State Court of Appeals for the Eleventh Circuit recently held that subsection (D) of 28 U.S.C. § 2244(d)(1) is the applicable section for cases of habeas petitioners who are in custody pursuant to a parole revocation.[34] The Eleventh Circuit court stated that parole revocations become final and

---

[34]*Ray v. Mitchem*, 272 Fed. Appx. 807, 809, 2008 WL 887379 (C.A.11 (Ala.)); *citing Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). It should be noted that the U.S. Court of Appeals, Fifth Circuit has not issued an opinion regarding the use of subsection (A) or (D) in

the one-year limitation's period begins to run for purposes of federal habeas petitions on the date parole was revoked.[35] In applying subsection (D), this Court finds that the factual predicate for the petitioner's habeas claim existed at the time his parole was revoked, on March 3, 2005, and, therefore, the AEDPA's one-year limitations period began running from that time and concluded on March 3, 2006.[36] The petitioner filed his habeas petition with this Court on August 8, 2007, well past the March 3, 2006 deadline.[37] However, once the AEDPA's statute of limitations is triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling.

The statutory tolling provision of the AEDPA is codified in 28 U.S.C. § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

cases of parole revocation. The U.S. Court of Appeal for the Eleventh Circuit's analysis in *Ray v. Mitchem* and *Brown v. Barrow* is distinguishable from the case at hand because Alabama and Georgia, respectively, do not have a procedure to directly challenge the revocation of parole, whereas Louisiana does. Louisiana law states that petitioner could not appeal the revocation of his probation, but he does retain the right to seek appellate court review of that judgment via a properly filed application for writs in the appropriate Court of Appeal. *See State ex re. Clavelle v. State*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, 187, ("No appeal lies from an order revoking probation, *State v. Manuel*, 349 So.2d 882 (La. 1977); *State v. Rexford*, 95-0152, p. 2 (La.App. 1st Cir. 6/28/95), 658 So.2d 27, 28, and while supervisory review provides a direct means for contesting the trial court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. *State ex rel. Ratcliff v. State*, 565 So.2d 923 (La. 1990)....").

[35]*Ray v. Mitchem*, 272 Fed. Appx. 807, 809 2008 WL 887379 (C.A.11 (Ala.)).

[36]*Id*. at 809.

[37]*See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

toward any period of limitation under this subsection." The petitioner in this case did not have an application for state post-conviction relief or other collateral review filed until he filed a writ application with the Louisiana First Circuit Court of Appeal on November 23, 2005.[38] However, this writ application was improperly filed because it was filed well after the 30 day time period from the date of the judgment to revoke probation, March 3, 2005.[39] The petitioner did file a notice of intent to seek appeal on March 31, 2005 and the actual appeal was filed July 12, 2005 with the Louisiana First Circuit Court of Appeal, but both were procedurally defective and did not serve to interrupt the AEDPA time limitations.[40]

On August 8, 2005, the First Circuit dismissed the petitioner's July 12, 2005 appeal stating that an order revoking probation is not an appealable judgment.[41] The correct procedural step for the review of a probation revocation would have been the filing of a supervisory writ with the Louisiana First Circuit Court of Appeal.[42] The Louisiana Appellate Courts, in the interest of judicial economy, have considered revocation issues on appeal as if the issues were before the courts on supervisory writs in cases in which the defendant also challenged his conviction.[43] The petitioner

---

[38]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-2470.

[39]*Id.*

[40]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KA-1507.

[41]*Id.*

[42]*See Levert v. St. Bernard Parish School Bd.*, 2000-2216 (La.App. 4 Cir. 10/20/00), 772 So.2d 236.

[43]*State v. Myles*, 882 So.2d 1254, 1256 (La. App. 3 Cir. 9/29/04) *citing State v. Lavergne*, 97-752 (La. App. 3 Cir. 6/3/98), 716 So.2d 92. *See also State v. Manson*, 650 So.2d 327, 94-625

in the instant case was not challenging his conviction, but, rather, the revocation of probation; therefore, the appeal was not reviewed as a supervisory writ. In its dismissal of August 8, 2005, the First Circuit advised the petitioner to seek a supervisory writ.[44] The petitioner then filed a supervisory writ with the First Circuit Court of Appeal; however, the court, on October 20, 2005, stated that it would not consider the application because the petitioner failed to comply with the Uniform Rules for the Court of Appeals, Rules 4-5(f) and (g), and that he had failed to include a copy of the trial court's ruling and reasons for the judgment.[45] On November 23, 2005, the petitioner filed a supervisory writ with the First Circuit Court of Appeal, which was denied without comment on February 13, 2006.[46] The petitioner sought certiorari with the Louisiana Supreme Court of the First Circuit's denial of the supervisory writ and the high court denied the application on October 27, 2006.[47] The November 23, 2005 writ application was filed well past the April 2, 2005 state deadline for review of the judgment to revoke the petitioner's probation, and thus was not properly filed so as to toll the limitations period.

Even if this Court found that the November 23, 2005 writ application interrupted the AEDPA

---

(La.App. 5 Cir. 1/18/95); *State v. Castille*, 623 So.2d 1350 (La.App. 5Cir. 4/26/93); *State v. Johnson*, 602 So.2d 729 (La.App. 5 Cir. 5/15/92); *State v. Johnson*, 592 So.2d 821 (La.App. 5 Cir. 12/30/91).

[44]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KA-1507.

[45]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-1812.

[46]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-2470.

[47]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 939 So.2d 1276, 2006-0942 (La. 10/27/00).

time limitations, the petitioner would still be time-barred because, as of that date, 265 days had elapsed since the judgment to revoke probation (March 3, 2005 through November 23, 2005). Time commenced to run again on October 28, 2006, after the Louisiana Supreme Court denied certiorari.[48] The remaining 100 days of the limitation period expired on or about February 5, 2007 and the petitioner did not file his federal habeas petition until August, 28, 2007.[49] The petitioner does not receive the benefit of statutory tolling for his federal habeas corpus petition, which was due to be filed with this Court on or about February 5, 2007.[50] Therefore, petitioner's habeas corpus petition filed on August, 28, 2007 is time-barred.

If this Court were to apply subsection (A) of 28 U.S.C. § 2244(d)(1), as opposed to subsection (D), in order to calculate the petitioner's one-year period as set forth in 28 U.S.C. § 2244(d)(2), the petitioner would receive the benefit of calculating time from the date the judgment

---

[48]*Id.*

[49]*See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

[50]After the Louisiana Supreme Court denied certiorari, the petitioner filed a Motion to Vacate Revocation and Modify Probation with the 19th Judicial District Court on November 22, 2006, which the court denied on November 30, 2006 stating, "Court has no jurisdiction to amend sentence unless entered pursuant to C.Cr.P. art. 887.1." *See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*. Petitioner then filed a Motion to Reconsider Sentence with the 19th Judicial District Court on August 24, 2007, which was denied on September 6, 2007. *See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*. These two motions would not grant the petitioner the benefit of statutory tolling because they were filed after the April 2, 2005 deadline for review of the probation revocation. *See Levert v. St. Bernard Parish School Bd.*, 2000-2216 (La.App. 4 Cir. 10/20/00), 772 So.2d 236.

revoking his probation became final.[51] The application of subsection (A) provides that a petitioner's federal application must be filed within one (1) year of the date on which the petitioner's underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[52] In order to complete an accurate timeliness analysis under § 2244(d)(1)(A), three dates are necessary: (1) the date upon which the judgment became final, either by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date upon which an application for post-conviction or other collateral relief was properly filed; and (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed

---

[51]Applying subsection (D) causes the court to count from the date of the probation revocation judgment, March 3, 2005. Applying subsection (A) causes the court to count from the final conclusion of direct review, or thirty (30) days after the probation revocation, which is April 2, 2005. The United States Court of Appeals for the Eleventh Circuit has stated that probation revocations the limitations period expired one year from the latest of (1) the date on which direct review of the revocation ended, §2244(d)(1)(A), or (2) the date on which the factual predicate of the habeas claim could have been discovered through due diligence, §2254(d)(1)(D). *Chambers v. Florida Parole Commission*, 257 Fed.Appx. 258, 260-61, 2007 WL 4275509 (C.A. 11 (Fla.)).

[52]*See Butler v. McNeil*, 2008 WL 2025889 (N.D. Fla.). Here, the court applied subsection (A) of § 2244(d)(1) rather than subsection (D), noting that this was contrary to the analytical process used in *Ray v. Mitchem* and in *Brown v. Barrow*, *supra*. The *Butler* court recognized that the U.S. Court of Appeals, Eleventh Circuit applied subsection (D) rather than subsection (A) of § 2244(d)(1) in *Ray* and in *Brown*, because neither Alabama nor Georgia had a procedure to challenge a probation revocation judgment, unlike Florida. *See* Fla. R. App. P. 9.140(b)(1) and 9.030(b)(1)(A). Further, the petitioner in *Butler* challenged a probation revocation judgment entered by the state court, as opposed to a decision by an administrative board as in *Ray* and *Brown*. Again, it should be noted that the U.S. Court of Appeals, Fifth Circuit has not issued an opinion regarding the use of subsection (A) or (D) of § 2244(d)(1) in cases of parole revocation. However, in the case at hand, Louisiana law states that petitioner could not appeal the revocation of his probation, but he does retain the right to seek appellate court review of that judgment via a properly filed application for writs in the appropriate Court of Appeal. *See State ex re. Clavelle v. State*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, 187.

and thus was no longer pending.[53] The petitioner does not attack his January 26, 2004 conviction for violation of La. R.S. 14:98 by operation a motor vehicle while under the influence of alcoholic beverages (4th Offense).[54] Instead, he attacks the revocation of his probation, which occurred March 3, 2005. The latter date is the appropriate starting point to determine the date of finality of the petitioner's conviction.[55] For purposes of the AEDPA analysis, the probation revocation judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," that is, thirty days following the March 3, 2005 revocation judgment, or, on or about April 2, 2005.[56] For the purposes of this court's analysis, the judgment complained of became final, at the

---

[53] *See Clavelle v. Ducote*, 2006 WL 2037427 (W.D. La.). In *Clavelle*, the petitioner pled guilty to aggravated battery and was sentenced to ten (10) years at hard labor, but the sentence was suspended and the petitioner was placed on supervised probation for five (5) years. The petitioner's probation officer filed a motion to revoke his probation after the petitioner committed several violations. The court ordered him to serve the original sentence. The United States Court for the Western District of Louisiana stated that subsection (A) of § 2244(d)(1) should be used for the calculation of the one-year period because the petitioner did not attack his underlying conviction; rather, he attacked the revocation of his probation. *Id*. at *5.

It should be noted that the U.S. Court of Appeals, Fifth Circuit held in *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002), that subsection (D) of § 2244(d)(1) should be applied for the calculation of the one-year period. However, *Kimbrell* is a Texas case involving an appeal of prison disciplinary proceedings resulting in a change in good-time earnings status that extended the prisoner's release date.

[54] *See* State Rec. Vol. 1 of 3, Minute Entry dated January 26, 2004; Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

[55] *See Clavelle v. Ducote*, 2006 WL 2037427 (W.D. La.).

[56] Louisiana law states that petitioner could not appeal the revocation of his probation. He does retain the right to seek appellate court review of that judgment via a properly filed application for writs in the appropriate Court of Appeal. *See State ex re. Clavelle v. State*, 2002-1244 (La. 12/12/2003), 861 So.2d 186, 187, ("No appeal lies from an order revoking probation, *State v. Manuel*, 349 So.2d 882 (La. 1977); *State v. Rexford*, 95-0152, p. 2 (La.App. 1st Cir. 6/28/95), 658 So.2d 27, 28, and while supervisory review provides a direct means for contesting

latest, by the conclusion of the time for seeking appellate review on or about April 2, 2005, as this was the latest date petitioner could have applied for a writ seeking review of the revocation of his probation. The petitioner did not properly seek writ review of his revocation of probation until November 23, 2005, well past the April 2, 2005 deadline.[57] He filed his federal habeas petition on August 28, 2007.[58] Under 28 U.S.C. § 2244(d)(1) the petitioner had one year from April 2, 2005, or until April 2, 2006, within which to file his federal habeas corpus petition, unless that deadline was extended through tolling.

If this Court found that the November 23, 2005 writ application interrupted the AEDPA time limitations, the petitioner continues to be time-barred because, as of this date, 235 days had elapsed since the finality of the probation revocation judgment (April 2, 2005). Time commenced to run again on October 28, 2006, after the Louisiana Supreme Court denied certiorari.[59] The remaining 130 days of the limitation period expired on or about March 7, 2007 and the petitioner did not file

---

the trial court's action, we have recognized that post-conviction proceedings may also afford an avenue of relief. *State ex rel. Ratcliff v. State*, 565 So.2d 923 (La. 1990)....").
   The Uniform Rules, Courts of Appeal, Rule 4-3 have been interpreted to provide a limitations period of thirty days (reckoned from the date of judgment) within which an applicant may file such an application. *Levert v. St. Bernard Parish School Bd.*, 2000-2216 (La.App. 4 Cir. 10/20/00), 772 So.2d 236.

[57]*See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*, 05-KW-2470.

[58]*See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

[59]*Id*.

his federal habeas petition until August, 28, 2007.[60] The petitioner does not receive the benefit of statutory tolling for his federal habeas corpus petition, which was due under this analysis to the Court on or about March 7, 2007.[61] Therefore, petitioner's habeas corpus petition filed on August, 28, 2007 is time-barred.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.[62] However, "[e]quitable tolling applied principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[63] Petitioner bears the burden of proof to establish entitlement to equitable tolling.[64] Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this

---

[60] *See* Fed. Rec. Doc. 1, Petition for Habeas Corpus Under 28 U.S.C. § 2254 stamp dated August 30, 2007.

[61] After the Louisiana Supreme Court denied certiorari, the petitioner filed a Motion to Vacate Revocation and Modify Probation with the 19th Judicial District Court on November 22, 2006, which the court denied on November 30, 2006 stating, "Court has no jurisdiction to amend sentence unless entered pursuant to C.Cr.P. art. 887.1." *See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*. Petitioner then filed a Motion to Reconsider Sentence with the 19th Judicial District Court on August 24, 2007, which was denied on September 6, 2007. *See* State Rec. Vol. 2 of 3, *State v. Raymond Namias, Jr.*. These two motions would not grant the petitioner the benefit of statutory tolling because they were filed after the April 2, 2005 deadline for review of the probation revocation. *See Levert v. St. Bernard Parish School Bd.*, 2000-2216 (La.App. 4 Cir. 10/20/00), 772 So.2d 236.

[62] *See David v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[63] *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).

[64] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Court knows of no reason that would support equitable tolling of the statute of limitations in this case. Petitioner's federal habeas corpus petition is, therefore, time-barred.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Raymond Namias, Jr. for habeas corpus relief be **DENIED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[65]

New Orleans, Louisiana, this __26th__ day of _____March_____, 2009.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[65]*Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).